IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————

No. 11-12150

———————————

D.C. Docket No. 1:10-cv-22046-JAL

ST. HUGH WILLIAMS,

                                                       Plaintiff - Appellee,

versus

NCL (BAHAMAS) LTD.,
d.b.a. NCL,

                                                       Defendant - Appellant.

———————————

Appeal from the United States District Court
for the Southern District of Florida

———————————

Before MARCUS and MARTIN, Circuit Judges, and GOLD,[*] District Judge.

---

[*] Honorable Alan S. Gold, United States District Judge for the Southern District of Florida, sitting by designation.

PER CURIAM:

St. Hugh Williams, a seaman, was injured while working as an employee of NCL (Bahamas) Ltd. (NCL). Williams sued NCL in Florida state court, alleging negligence under the Jones Act, 46 U.S.C. § 30104; unseaworthiness; failure to provide maintenance and cure; and failure to treat or provide adequate medical care. NCL removed the case to federal court on the ground that a federal question existed under 9 U.S.C. § 202 because Williams signed an arbitration provision as part of his employment contract. In district court, NCL filed a motion to compel arbitration of Williams's claims pursuant to the arbitration agreement. Williams responded with a motion to remand the case back to state court.

The district court, following our precedent in Thomas v. Carnival Corp., concluded that the arbitration provision was unenforceable on public policy grounds.[1] See 573 F.3d 1113, 1124 (11th Cir. 2009). Based on this, the district court granted Williams's motion for remand and denied as moot NCL's motion to compel arbitration. NCL appeals, arguing that the district court erred in denying NCL's motion to compel arbitration and granting Williams's motion for remand.

I.

---

[1] After the district court's decision, we decided that courts may not consider public policy when deciding whether to compel arbitration. Lindo v. NCL (Bahamas) Ltd., 652 F.3d 1257, 1282 (11th Cir. 2011).

2

The Supreme Court has "relentlessly repeated that any remand order issued on [lack of subject-matter jurisdiction] grounds . . . is immunized from all forms of appellate review, whether or not that order might be deemed erroneous by an appellate court." Kircher v. Putnam Funds Trust, 547 U.S. 633, 640, 126 S. Ct. 2145, 2153 (2006) (quotation marks and alterations omitted). It is true in our court as well that "[c]ases remanded for lack of jurisdiction are immune from review even if the district court's decision is clearly erroneous." New v. Sports & Recreation, Inc., 114 F.3d 1092, 1096 (11th Cir. 1997). Further, in Harrisson v. NCL (Bahamas) Ltd., we explained that we could not review a district court's remand order based on a lack of subject-matter jurisdiction following the district court's finding that an arbitration clause was unenforceable. 691 F.3d 1308, 1312–13 (11th Cir. 2012). Like the panel in Harrisson, we lack jurisdiction here to review the district court's remand order.

Neither do we have jurisdiction to review the district court's denial of NCL's motion to compel arbitration. Under the rule set forth in City of Waco v. U.S. Fidelity & Guaranty Co., we would only be permitted to review the denial of the motion to compel if it led to, but was separate from, the remand order and if it had a conclusive effect on the Florida state court action. See 293 U.S. 140, 143–44, 55 S. Ct. 6, 7 (1934). Here, neither requirement is satisfied. First, the denial of the motion to compel is not logically separable from the remand order.

3

Specifically, the district court remanded on the grounds that it lacked subject-matter jurisdiction because the arbitration provision was unenforceable. When "the court looks to an issue for the purpose of determining subject matter jurisdiction, the issue is not separable." Hernandez v. Seminole Cnty., Fla., 334 F.3d 1233, 1241 (11th Cir. 2003) (emphasis and quotation marks omitted).

Second, the denial of the motion to compel as moot is not conclusive on the Florida state court. Under Waco, an issue is conclusive when "it will have the preclusive effect of being functionally unreviewable in the state court." Id. (quotation marks omitted). As we explained in Harrisson, "[t]he denial of the motion to compel arbitration does not preclude the state court from reconsidering that question de novo and freely determining whether the arbitration clause is valid." 691 F.3d at 1313.[2]

Because we lack jurisdiction to review the remand order and the denial of the motion to compel, NCL's appeal is

**DISMISSED.**

---

[2] Beyond this, the denial of a motion as moot would not be a "final decision" for purposes of collateral estoppel. City of Oldsmar v. State, 790 So. 2d 1042, 1046 n.4 (Fla. 2001) (explaining that under Florida law, collateral estoppel applies only after "a final decision of a court of competent jurisdiction").

4